466 A.2d 663

William A. TOTTEN, and Jean Totten, h/w

v.

Robert LAMPENFELD, individually and d/b/a Robert Lampenfeld, Painting-Decoration, Appellant.

Superior Court of Pennsylvania.

Argued May 26, 1983.

Filed Oct. 7, 1983.

James Oliver Hunter, Pittsburgh, for appellant.

William A. Totten, in propria persona.

Before CAVANAUGH, ROWLEY and CIRILLO, JJ.

ROWLEY, Judge:

This is an appeal from the judgment entered after a court *en banc* dismissed exceptions taken from the general decision rendered by the trial judge after a nonjury trial. For the reasons more fully set forth below, we affirm in part and reverse in part.

Appellees William A. Totten and Jean N. Totten commenced this action in assumpsit on December 12, 1979. Appellees sought to recover from Appellant Robert Lampenfeld the amount of $3,500.00 plus interest and costs due to appellant's alleged wrongful failure to complete painting and redecoration work which appellant had agreed to perform. In his answer, Lampenfeld denied liability and in a counterclaim sought the amount of $2,862.16 as compensation for services performed. The Tottens denied liability, claiming that payment had already been made. On March 18, 1980, the matter was submitted to a board of arbitrators pursuant to 42 Pa.C.S.A. § 7361 and Pa.R.C.P. Nos. 1301 et seq. The board found in favor of Lampenfeld on both the complaint and the counterclaim and awarded him $2,100.00. The Tottens filed a timely appeal to the court of common pleas.

A non-jury trial *de novo* was held before the Honorable Robert A. Doyle on December 11, 1980. The trial judge entered a general decision unaccompanied by findings of fact but disposing of all claims for relief. *See* Pa.R.C.P. No. 1038(b). The trial judge found in favor of the Tottens on the complaint in the amount of $5,376.00 and in favor of Lampenfeld on the counterclaim in the amount of $2,600.00. Lampenfeld filed exceptions to the decision of the trial judge. The exceptions were dismissed by order of a court *en banc*, which included the trial judge, on April 23, 1981. Lampenfeld thereafter perfected the instant appeal.

This court has recently articulated the scope of its review when the trial judge, after a nonjury trial, renders a general decision unaccompanied by specific findings of fact which is in turn reviewed by the court *en banc* which likewise makes no factual findings. *Merion Spring Com-*

*pany v. Muelles Hnos. Garcia Torres, S.A.,* 315 Pa.Super. 469, 477–481, 462 A.2d 686, 690–693 (1983). We there held that such a decision would be accorded the same weight and effect as if the decision had been rendered by a jury. *Id.* The present case presents for our review one of the situations specifically distinguished in *Merion Spring,* namely, "where the court *en banc* has entered its own findings of fact when none were entered by the trial judge." *Id.,* 315 Pa.Superior Ct. at 479 n. 4, 462 A.2d at 692 n. 4. Not only did the court *en banc* specifically make certain findings of fact, it did so with the support of the trial judge who heard the witnesses and rendered the original decision. We therefore conclude that these findings, if they are supported by competent evidence and if the court committed no error of law or abuse of discretion, are entitled to the weight of a jury verdict and will not be disturbed on appeal. *See, e.g., First Pennsylvania Banking and Trust Co. v. Liberati,* 282 Pa.Super. 198, 203, 422 A.2d 1074, 1076 (1980). *See also: First Pennsylvania Savings Association v. Four Seasons Racquet Club, Inc.,* 287 Pa.Super. 180, 182, 429 A.2d 1160, 1161 (1981) (Trial judge may, as a member of a court *en banc,* alter findings of fact made at the conclusion of trial, so long as contrary finding is supported by sufficient evidence), and cases there cited. It continues to be true, of course, that this court "is in no way bound by the trial court's conclusions of law based on those findings of fact." *First Pennsylvania Banking and Trust Co. v. Liberati, supra.*

The facts as found by the court *en banc* are as follows: For several years, William A. Totten, husband-appellee, had contracted with appellant to paint and do other work at his car dealership in the city of Pittsburgh. Early in the Spring of 1979, husband orally engaged appellant to paint the outside of appellees' suburban Pittsburgh home, remove and install new wallpaper in the interior of the dwelling, and paint the interior ceilings and trim. At the same time, a similar arrangement was concluded with respect to the car dealership. Appellant charged and appellees agreed to pay $6,000.00 for these renovations.

The work was to be performed during the Spring and early Summer of 1979. During much of this time, appellees were away from their home on a vacation in New England. When they returned, husband-appellee disapproved of appellant's work on the exterior of the house and refused to tender any payment for that work. Appellant thereupon refused to complete any further work under the contract and refused to correct the exterior work which appellees disapproved. Appellees engaged another contractor who completed some of this work at a cost of $5,376.00. The value placed on the work completed by appellant was $2,600.00. The court specifically found that the work performed by appellant on the exterior of the house "was performed in a good and workmanlike manner . . . ." Furthermore, the court also found that appellees "had agreed to pay [appellant] as his work progressed and that they failed to pay [to appellant these] progressive payments." The court concluded that appellant was "entitled . . . to discontinue work until [appellees] had delivered the agreed interim payments." Tr.Ct.Op. at 2. The court *en banc* thereupon sustained the award of $2,600.00 in favor of appellant. The court also sustained the award of $5,376.00 in favor of the appellees. Appellant challenges the propriety of this award to appellees on three grounds,[1] but our resolution of the first of appellant's arguments makes it unnecessary to consider or discuss the others.

■ The award in favor of the appellant is fully supported by the record and the law. The court *en banc* specifically found that appellees' failure to make "interim payments" during the course of appellant's performance "entitled [appellant] to discontinue work until [appellees] had delivered" the money. This conclusion is supported by the court's findings that appellees had agreed to pay for the work as it progressed and that the work was in fact

---

1. Appellant claims that the award in favor of appellees was improper because (1) appellant's performance was excused by a material breach of the contract by appellees; (2) the damages awarded to the appellees were erroneously calculated; and (3) the verdict is not supported by the pleadings.

performed in a good and workmanlike manner. Upon the appellees' continued failure to tender the payments as promised, appellant was excused from performing any further work contemplated by the contract and is entitled to the value of the work actually performed under the contract. *Harton v. Hildebrand,* 230 Pa. 335, 79 A. 571 (1911).

However, appellant's justifiable refusal to complete the contract did not make him liable in damages to the appellees, the parties found to be in breach of the contract. Although the record could conceivably support an award to the appellees, the court *en banc* failed to enter any findings in support of such an award. The finding that the work was performed in a good and workmanlike manner completely undercuts appellees' claim that the contractor breached the contract. *Harton v. Hildebrand, supra.* This finding is supported by the record and is therefore binding upon us. From this finding we cannot but conclude that the appellees have not shown that they are legally entitled to the award of damages made in their favor in the trial court.

For these reasons, that part of the award in favor of William A. Totten and Jean Totten, his wife, in the amount of $5,376.00 is reversed; in all other respects, the judgment of the trial court is affirmed.